NUMBER 13-09-00298-CR


 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

GUADALUPE BUSTILLOS, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 36th District Court 

of San Patricio County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Garza


Memorandum Opinion by Justice Garza


 On February 21, 2001, appellant Guadalupe Bustillos was tried on one count of
aggravated assault with a deadly weapon, a second-degree felony. See Tex. Penal Code
Ann. § 22.02(a)(2) (Vernon Supp. 2009). A jury found Bustillos guilty of the offense and
sentenced him to five years' imprisonment and assessed a fine of $2,000.00. His
sentence, however, was suspended and he was placed on community supervision for five
years. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (Vernon Supp. 2009). On
February 27, 2009, the State filed a motion to revoke, alleging that Bustillos violated three
different terms of his community supervision. (1) Bustillos pleaded "true" to all three of the
allegations. The trial court found Bustillos guilty of the underlying offense and sentenced
him to five years' confinement in the Institutional Division of the Texas Department of
Criminal Justice. The trial court certified Bustillos's right to appeal, and this appeal
followed. We affirm.

I. Anders Brief

 Bustillos's court-appointed appellate counsel has filed a motion to withdraw and a
brief in support thereof, stating that his review of the record yielded no grounds or error
upon which an appeal can be predicated. See Anders v. California, 386 U.S. 738, 744
(1967) ("[t]here are no arguable points of error, fundamental or otherwise, upon which
appellant could obtain relief from the conviction in the trial court . . . ."). Counsel's brief
therefore meets the requirements of Anders as it presents a professional evaluation
showing why there are no arguable grounds for advancing an appeal. See In re Schulman,
252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008); Stafford v. State, 813 S.W.2d 503, 510
n.3 (Tex. Crim. App. 1991) (en banc).

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), counsel has carefully discussed why, under controlling authority, there are no errors
in the trial court's judgment. Counsel has informed this Court that he has: (1) examined
the record and has found no arguable grounds to advance on appeal; (2) served a copy
of the brief and motion to withdraw on Bustillos; and (3) informed Bustillos of his right to
review the record and to file a pro se response. (2) See Anders, 386 U.S. at 744; Stafford,
813 S.W.2d at 510 n.3. More than an adequate time has passed, and no pro se response
has been filed.

II. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the record and find that the appeal is wholly frivolous
and without merit. See Bledsoe v. State, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005)
("Due to the nature of Anders briefs, by indicating in the opinion it considered the issues
raised in the brief and reviewed the record for reversible error but found none, the court of
appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); Stafford, 813
S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

III. Motion to Withdraw

 In accordance with Anders, Bustillos's counsel has filed a motion to withdraw. See
Anders, 386 U.S. at 744; see also In re Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery
v. State, 903 S.W.2d 776, 779-80 (Tex. App.-Dallas 1995, no pet.) ("If an attorney believes
the appeal is frivolous, he must withdraw from representing the appellant. To withdraw
from representation, the appointed attorney must file a motion to withdraw accompanied
by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We
grant the motion to withdraw.

 We further order that counsel must, within five days of the date of this opinion, send
a copy of the opinion and judgment to Bustillos and advise him of his right to file a petition
for discretionary review. (3) See Tex. R. App. P. 48.4; see also In re Schulman, 252 S.W.3d
at 412 n.35; Ex parte Owens, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).


 

 DORI CONTRERAS GARZA

 Justice 


Do Not Publish. 

Tex. R. App. P. 47.2(b)

Delivered and filed the 

19th day of August, 2010.




 
1. Since Bustillos's trial in 2001, the State had filed five separate motions to revoke his community
supervision. Each motion to revoke resulted in either modification to the terms of the community supervision,
or an extension of the community supervision. At the time of the hearing on the State's February 27, 2009
motion to revoke, Bustillos had already been on community supervision for nine years.

 
2. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting
Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
3. No substitute counsel will be appointed. Should Bustillos wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary
review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within
thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this
Court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which
it will be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3, 68.7. Any petition for
discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.